990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re AMERICAN FINANCE TRUST, (AFT), Debtor.
Herman MEYER; Trude Meyer; Herman R. Schoene; Adele
Schoene; James Edward Spencer; Peggy Spencer;
Eberhard P. Worez; Beckie W.Y. Wong;
Harold Wong, Appellants,
v.
AMERICAN FINANCE TRUST, (AFT), Appellee.
 No. 91-15530.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided April 5, 1993.
 
 Before ALARCON, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This controversy concerns several automobiles and proceeds from their sale. The Appellants (the "Meyer Group") are a group of investors who were victims of a fraudulent tax shelter scheme. Part of their money was used to buy a number of Mercedes automobiles. They sued, and received a default judgment in Arizona state court. Part of the default judgement was directed towards Cartan and AMNA. These two firms possessed the remaining cars and the proceeds from their sales. The default judgment also included a money judgment against AFT, which was a firm used to commit the frauds. The Bankruptcy Court held that, because the plaintiffs had not executed on the default judgment prior to the bankruptcy filing, the interest of AFT, the bankrupt, was unaffected by the judgment. The Bankruptcy Appellate Panel affirmed.
 
 
 3
 After painstaking review of the record in this difficult case, we conclude that there are unresolved antecedent factual questions concerning who owned the cars, so we remand.
 
 
 4
 Prior to the default judgment, Tracy Higginbotham, ostensibly representing AFT, negotiated a restitution agreement whereby title to the cars would be held by Cartan, with a first lien in favor of AMNA, an arbitration firm which had helped facilitate this agreement, in trust for someone. We are unable to determine whether Appellants are those persons. It may be that bills of sale for the cars were recorded in Arizona from AFT to Cartan subject to a lien held by AMNA. The Meyer group submitted evidence that after the default judgment, it entered into an agreement that Cartan and AMNA should hold the cars and sale proceeds in trust for them. If title was transferred to Cartan and AMNA independently of the default judgment, then execution on the default judgment, or absence of execution, may have been irrelevant to whether AFT's interest was transferred to Cartan and AMNA prior to the bankruptcy. Because neither the decision of the Bankruptcy Court nor that of the Appellate Panel mentions the purported transfers of title to Cartan and AMNA prior to the state judgment, we are unable to determine whether this matter was considered. AFT argues that this purported transfer did not affect its title to the cars, because Higginbotham was not representing it when he made this agreement. If the agreement was void, then it would not effect a transfer of AFT's interest.
 
 
 5
 The decisions of the Bankruptcy Court and the Bankruptcy Appellate Panel do not resolve these factual issues. If Cartan and AMNA had obtained AFT's interest independently of the default judgment, as by means of the restitution agreement and perhaps transfers of title, then the cars might not have been part of American Finance's bankruptcy estate. 11 U.S.C. § 541. This issue is material, and because the parties' cognizable evidence established genuine issues of fact, summary judgment should not have been granted to AFT. Abramson v. University of Hawaii, 594 F.2d 202, 210 (9th Cir.1979).
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3